GUIDE-KALKHOFF-BURR, INC., Plaintiff, *v.* BERINATI PRESS, INC., et al., Defendants.

Supreme Court, Special Term, New York County, June 21, 1962.

*Simpson Thacher & Bartlett (James W. Harbison, Jr.,* of counsel), for Edward Green, defendant. *O'Donnell & Fox* for plaintiff.

OWEN McGIVERN, J. Defendant Edward Green moves for dismissal of each cause of action for legal insufficiency.

In a first cause of action it is alleged that all the parties are engaged in the printing business. On July 3, 1958, Green, on behalf of his customer, placed an order with plaintiff for the production of stock certificates with a special border design thereon. Plaintiff was unable to obtain preprinted forms with such border design. On July 20, 1958, plaintiff engaged in an agreement with the defendants, the defendant Green undertaking to arrange with the defendant Berinati Press, Inc., for the selection and purchase of the required special border design, plaintiff to furnish the printing paper to the defendant Berinati and the latter to imprint thereon the required special border design. It is alleged that the agreement was made with the defendants, and it is further alleged that the defendant Berinati was to select and purchase the special border design and was to imprint the special border design on printing paper furnished by the plaintiff. Since such agreement was made directly with

the defendants, as alleged, there is no legal significance in the allegation that under such agreement the defendant Green undertook to arrange that the defendant Berinati would so contract. At the time of the making of the contract, as alleged, nothing remained for Green to do and Berinati undertook directly to perform.

It is further alleged that on July 25, 1958, plaintiff received from Berinati 9,000 stock certificates having the special border design, and plaintiff thereafter imprinted the stock certificates in the manner requested by Green's customer. In October, 1960 a claim was made against the plaintiff for infringement of copyright with respect to the border design. Upon investigation of the claim of copyright infringement and on the advice of counsel that there was infringement, plaintiff was compelled to and did settle a valid claim by payment of a stated sum, and was compelled to destroy the outstanding forms containing the border design and to repurchase the special border design from the copyright owner to reprint the certificates for Green's customer, and did necessarily expend a stated sum for counsel fees.

The first cause is based on claimed implied agreement to indemnify, it being contended that in the circumstances defendant Green is more culpable than the plaintiff. Plaintiff argues that it was requested by Green to do an illegal act, and that in consequence it sustained damage. The defendant argues that since copyright infringement is a tort and the plaintiff and the defendant are cotort-feasors, no action will lie. However, the plaintiff does not complain of infringement but, rather, of defendant's act in requesting of the plaintiff the use of material which infringed the copyright of another. Upon the basis of this theory, plaintiff is entitled to maintain the first cause of action.

The second cause is based on breach of contract and is not denominated as a cause asserted against the codefendant only. Plaintiff concedes it is not asserted against the defendant Green.

The third cause is rested on breach of statutory warranty of title. The defendant urges that involved in the third cause is a service and not a sale of goods. Printing, however, is the dominant, if not the sole element of the contract, as it is alleged in paragraph sixth of the complaint, and it is made part of the third cause of action, that the defendant Berinati was to purchase the special border design, plaintiff was to furnish the printing paper, and defendant Berinati was to imprint the design thereon. In addition, as already indicated, the particular contract relied on, and which is separate and apart from the order

given to the plaintiff by the defendant Green on behalf of his customer, is not shown to be a contract with the defendant Green.

The motion is granted dismissing the second and third causes of action as to the defendant Green, and it is denied as to the first cause of action.